**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. W-08-CR-175 (2)** |
| | § | |
| **ALICIA NICOLE CRAINE** | § | |

**O R D E R**

Came on this date to be considered Defendant's Motion for Modification or Reduction of Sentence Based upon an intervening Post-Sentencing Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) Which Effectively Lower's [sic] Petitioner's Term of Imprisonment. Having reviewed the motion and the file in this case, the Court has determined the motion lacks merit and should be denied.

Pursuant to a plea agreement, Defendant entered a plea of guilty to the offense of possessing with intent to distribute at least 5 grams of a mixture or substance containing "crack" cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860(a) and 18 U.S.C. § 2. She was sentenced to a term of incarceration of 132 months, to be followed by ten years of supervised release, a fine in the amount of $1,000, and a mandatory special assessment of $100. At the time of sentencing, Defendant's total offense level was 30 with a criminal history of III, resulting in a guideline range of 121 to 151 months. Defendant waived the right to appeal her sentence in her plea agreement.

Although termed as Amendment 12 in her motion, the Amendment Defendant seeks to retroactively apply is 709, which alters the calculation of a defendant's criminal history. As Amendment 709 was effective on November 1, 2007, it was applied at Defendant's sentencing on March 11, 2009. Even if not applied at that time, it would not be available to Defendant in the present motion.

The statute upon which Defendant relies provides, in relevant part:

> . . . [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis supplied).

Section § 1B1.10 of the Guidelines, entitled *Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)*, provides:

> (1) In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)     Exclusions.–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

(A)     none of the amendments listed in subsection (c) is applicable to the defendant. . . .

Guidelines § 1B1.10(a).  The retroactive amendments listed in subsection (c) include the following: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 702, 706 as amended by 711, and 715. Amendment 709 is not included in this list and cannot, therefore, provide retroactive relief in this case.  Accordingly, it is

**ORDERED** that Defendant's Motion for Modification or Reduction of Sentence is **DENIED**.

**SIGNED** on this 28th day of July, 2009.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE